Filed 12/3/21  In re C.W. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re C.W., a Person Coming Under the Juvenile Court Law. | C093918 |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD, FAMILY AND ADULT SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>S.W.,<br><br>Defendant and Appellant. | (Super. Ct. No. JD241024) |

S.W., mother of the minor (mother), appeals from the juvenile court's jurisdictional and dispositional orders.  (Welf. & Inst. Code, §§ 300, 395; statutory section citations that follow are to this code.)  She contends the juvenile court and the Sacramento County Department of Child, Family and Adult Services (Department) failed

1

to comply with the requirements of the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.) in the minor's case. We will affirm the juvenile court's orders.

FACTS AND HISTORY OF THE PROCEEDINGS

A detailed recitation of the facts and non-ICWA related procedural history is unnecessary to our resolution of this appeal.

Mother and alleged father I.D. (father) are the parents of the minor C.W., who tested positive for amphetamine at the time of his birth in December 2020, as did mother. The minor was placed into protective custody. Mother had six other children (the half-siblings) ranging in age from two to seven, all of whom were the subject of previous dependency actions in which mother's parental rights were terminated due to her failure to reunify. Mother also had a seventh child, I.T., born in 2019, who was the subject of a separate, ongoing dependency action. The prior dependency actions all stemmed from mother's failure to protect due to her substance abuse and neglect. Father's whereabouts were unknown.

On December 16, 2020, the Department filed a dependency petition on behalf of the minor pursuant to section 300, subdivisions (b), (g), and (j), based on allegations related to mother's substance abuse and neglect and abuse of the minor's half-siblings. The Indian child inquiry attached to the petition stated mother gave no reason to believe the minor was or might be an Indian child within the meaning of the ICWA.

Mother was present by videoconference at the December 17, 2020 detention hearing. However, she did not respond when the court asked whether she had any Native American ancestry. Mother's attorney informed the court that mother had previously indicated she did have Indian ancestry, but she did not know which tribe. The court noted that mother had previously indicated having Indian ancestry in the dependency cases involving the minor's half-siblings and had apparently identified a tribe, although the court appeared not to have that specific information. The court ordered the minor

2

detained and ordered the Department to follow up with mother and contact mother's relatives in order to obtain any relevant ICWA information. The court further ordered that, in the event no additional information was forthcoming, the Department was to make further inquiry regarding the information provided in the half-siblings' dependency cases.

The jurisdiction/disposition report stated that, in December 2020, mother indicated she was eligible for membership in the Chippewa Tribe through the maternal great-grandfather, but she did not know the name of the tribe. A review of the selection and implementation report from the minor's half-siblings' dependency case confirmed that mother provided the same information to the social worker in that case, including that the primary residence of the parents and the minor was not on an Indian reservation, nor was it in a predominantly Indian community. Mother also provided the following information: mother's full name and telephone number; the alleged father's name; the maternal grandmother's name, address, telephone number, and birthdate; the maternal grandfather's name, birthdate, and birthplace; the maternal great-grandmother's name and the fact that she was deceased; and the maternal great-grandfather's name and potential tribe (Chippewa). The report stated the social worker reviewed the Bureau of Indian Affairs (BIA) list of designated tribal agents on the federal register, contacted the State Department of Social Services' (DSS) office of tribal affairs to identify tribal names and contact information; contacted the designated agent for 13 tribes (all of which were Chippewa Tribes); and, on January 4, 2021, sent ICWA notices to those 13 tribes.

In an addendum report, the Department informed the court that, on January 6, 2021, the maternal grandmother stated the minor might be eligible for membership in the Cherokee Tribe. With that information, the Department again contacted the BIA for assistance, reviewed the BIA list of designated tribal agents and identified three possible tribes (the Eastern Band of Cherokee Indians, the Cherokee Nation, and the United Keetoowah Band of Cherokee Indians in Oklahoma) and their designated agents,

3

contacted the DSS office of tribal affairs for assistance, and contacted the three Cherokee Tribes to obtain any additional information. On January 14, 2021, the Department reportedly sent ICWA notices to the three Cherokee Tribes. The Department also reported that it received responses from the Sokaogon Chippewa Tribe and the Grand Traverse Band of Ottawa and Chippewa Indians, both of which indicated the minor was neither enrolled nor eligible for enrollment in the tribe.

On February 19, 2021, the court sustained the petition as amended, took jurisdiction over the minor, and ordered continued removal. The court stated it was amending language in the proposed order stating the minor "may be an Indian child" to read the minor "is not an Indian child" for purposes of the ICWA. The court bypassed mother for reunification services and set the matter for a section 366.26 hearing.

At the placement hearing on April 2, 2021, the court ordered the minor to continue in his current placement and ordered mother to appear for the section 366.26 hearing scheduled for May 14, 2021.

Mother filed a timely notice of appeal from the court's April 2, 2021 order.

## DISCUSSION

Mother contends there is insufficient evidence to demonstrate the Department complied with the ICWA requirements, and therefore there is insufficient evidence to support the juvenile court's finding that the ICWA did not apply.[1] The claim lacks merit.

ICWA's purpose is to protect the interests of Indian children and promote the stability and security of Indian tribes by establishing minimum standards for, and permitting tribal participation in, dependency actions. (25 U.S.C. §§ 1901, 1902, 1903(1), 1911(c), 1912; *In re Isaiah W.* (2016) 1 Cal.5th 1, 7-8.) The juvenile court and

---

[1] Based on the ICWA issue raised by mother, we construe her notice of appeal to be taken from the February 19, 2021 order containing the court's ICWA finding.

4

the Department have "an affirmative and continuing duty to inquire" whether a child is, or may be, an Indian child. (§ 224.2, subd. (a); Cal. Rules of Court, rule 5.481(a); see *In re K.M.* (2009) 172 Cal.App.4th 115, 118-119.)

If, after the petition is filed, the juvenile court *knows or has reason to know* that an Indian child is involved (25 U.S.C. § 1912(a)), notice of the pending proceeding and the right to intervene must be sent to the tribe or the BIA if the tribal affiliation is not known. (See § 224.2, subd. (d); § 224.3, subds. (a)-(g); Cal. Rules of Court, rule 5.481(b); *In re M.W.* (2020) 49 Cal.App.5th 1034, 1043.)

If, on the other hand, the court has only a *reason to believe* the minor may be an Indian child, "the court, social worker, or probation officer shall make further inquiry regarding the possible Indian status of the child, and shall make that inquiry as soon as practicable." (§ 224.2, subd. (e)(2); *In re M.W., supra,* 49 Cal.App.5th at pp. 1043-1044.)

Relying on *In re Robert A.* (2007) 147 Cal.App.4th 982, 989, mother asserts that the juvenile court needed only a suggestion of Indian ancestry to trigger the ICWA's notice requirement. She argues the record is inadequate to demonstrate the Department's compliance with the ICWA's notice requirements because no ICWA notices or similar documents appear in the record and, according to the juvenile court clerk, no such records could be found. We are not persuaded.

*In re Robert A., supra,* 147 Cal.App.4th at page 989, which relies on *In re Desiree F.* (2000) 83 Cal.App.4th 460, 471 and *In re Nikki R.* (2003) 106 Cal.App.4th 844, 848, states the rule that ICWA notice "must be sent whenever there is reason to believe the child may be an Indian child." (*In re Robert A.*, at p. 989.) The cases mother relies on are inapposite. At the time these three cases were published, the phrase "reason to know" was defined by the California Legislature to include information provided by "a person having an interest in the child . . . *suggesting* the child is a member of a tribe or eligible for membership in a tribe." (Former § 224.3, subd. (b)(1), italics added; Stats. 2006, ch. 838, § 32. (Senate Bill No. 678).) "As demonstrated by case law at that time, little more

5

than a 'minimal showing' was required to trigger the statutory notice provisions. [Citation.]" (*In re M.W., supra,* 49 Cal.App.5th at p. 1042.)

In January 2019, however, substantial revisions were made to the Welfare and Institutions Code "to conform California law to the requirements of the federal regulations governing proceedings covered by the ICWA." (*In re M.W., supra,* 49 Cal.App.5th at p. 1043.) As relevant here, section 224.2, subdivision (c) requires that the court ask each participant, at the first appearance, whether the participant "knows or has reason to know that the child is an Indian child." Subdivision (d) of that section provides that a court has *reason to know* a child is an Indian child if any of the following circumstances apply: "(1) A person having an interest in the child, including the child, an officer of the court, a tribe, an Indian organization, a public or private agency, or a member of the child's extended family informs the court that the child is an Indian child. [¶] (2) The residence or domicile of the child, the child's parents, or Indian custodian is on a reservation or in an Alaska Native village. [¶] (3) Any participant in the proceeding, officer of the court, Indian tribe, Indian organization, or agency informs the court that it has discovered information indicating that the child is an Indian child. [¶] (4) The child who is the subject of the proceeding gives the court reason to know that the child is an Indian child. [¶] (5) The court is informed that the child is or has been a ward of a tribal court. [¶] (6) The court is informed that either parent or the child possess an identification card indicating membership or citizenship in an Indian tribe." (§ 224.2, subd. (d); *In re M.W., supra,* at p. 1043.) "At that point, the social worker is required, as soon as practicable, to interview the child's parents, extended family members, the Indian custodian, if any, and any other person who can reasonably be expected to have information concerning the child's membership status or eligibility." (*In re Michael V.* (2016) 3 Cal.App.5th 225, § 224.2, subd. (b).)

Here, mother's counsel informed the court early on that mother indicated she had Indian ancestry but could not identify a particular tribe. The court was also informed

6

that, in prior dependency proceedings, mother had made the same statement and had apparently identified a particular tribe. At that point in time, none of the circumstances in section 224.2, subdivision (d) applied. Thus, there was no *reason to know* the minor was an Indian child.

The court did, however, have a *reason to believe* the minor may be an Indian child. "There is reason to believe a child involved in a proceeding is an Indian child whenever the court, social worker, or probation officer has information suggesting that either the parent of the child or the child is a member or may be eligible for membership in an Indian tribe. Information suggesting membership or eligibility for membership includes, but is not limited to, information that indicates, but does not establish, the existence of one or more of the grounds for reason to know . . . ." (§ 224.2, subd. (e)(1)-(3); *In re M.W., supra,* 49 Cal.App.5th at pp. 1043-1044.)

The reason to believe triggered the Department's duty of further inquiry which included, but was not limited to, all of the following: (1) interviewing the parents and extended family members to gather the information required in section 224.3, subdivision (a)(5); (2) contacting the BIA and the DSS for assistance in identifying the names and contact information of the tribes in which the minor may be a member, or eligible for membership in, and contacting the tribes and any other person that may reasonably be expected to have information regarding the minor's membership status or eligibility; and (3) contacting the tribes and any other person that may reasonably be expected to have information regarding the minor's membership, citizenship status, or eligibility. (§ 244.2, subd. (e)(2).) "Contact with a tribe shall, at a minimum, include telephone, facsimile, or electronic mail contact to each tribe's designated agent for receipt of notices under the [ICWA]. Contact with a tribe shall include sharing information identified by the tribe as necessary for the tribe to make a membership or eligibility determination, as well as information on the current status of the child and the case." (§ 224.2, subd. (e)(2).)

7

The record makes plain that the Department made such further inquiry. The Department first obtained information from mother identifying possible Indian heritage with the Chippewa Tribe through the maternal great-grandfather, which information was consistent with information provided by mother in prior dependency proceedings. The Department also obtained information regarding the minor's maternal relatives and, after contacting the BIA and the DSS, communicated that information via ICWA notices to 13 different Chippewa Tribes. Thereafter, the Department learned the minor may also have Indian heritage with the Cherokee Tribe. After again contacting the BIA and the DSS, the Department sent additional ICWA notices to three Cherokee Tribes.

As of the date of the court's ICWA finding on February 19, 2021, the Department had received responses from two of the 16 tribes indicating the minor was neither a member nor eligible for membership. Having no indication otherwise from the remaining tribes, the BIA, or the DSS, the juvenile court found the minor was not an Indian child for purposes of the ICWA.

As the Department aptly argues, mother conflates the notice requirements when there is a reason to know with the inquiry requirements when there is a reason to believe. Contrary to mother's assertion in her reply brief, the Department's use of ICWA notices to communicate with the tribes to obtain information regarding the minor's membership, citizenship status, or eligibility did not elevate the reason to believe to a reason to know. Because section 224.2, subdivision (e) "does not require that any extensive or particular formal documentation of ICWA inquiry be provided to the tribe" (*In re M.W., supra,* 49 Cal.App.5th at p. 1046), the use of notices was a proper means of contacting the tribes. Evidence of the Department's due diligence inquiry provided to the court via reports was also proper and sufficient to demonstrate compliance with the ICWA. (§ 224.2, subd. (g); *In re M.W.,* at p. 1046.)

8

The juvenile court did not err in finding the minor was not an Indian child for purposes of the ICWA.

## DISPOSITION

The juvenile court's orders are affirmed.

 

 

_____

HULL, J.

We concur:

_____

RAYE, P. J.

_____

KRAUSE, J.

9